UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                         Plaintiff,

v.                                                        1:11-CV-1079
                                                            (GTS/DRH)
$22,555.00 IN U.S. CURRENCY,

                         Defendant.
_____

APPEARANCES:                                             OF COUNSEL:

HON. RICHARD S. HARTUNIAN               GWENDOLYN CARROLL, ESQ.
United States Attorney for the Northern District of New York
  Counsel for Plaintiff
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

PARKER, CASTILLO LAW FIRM                 GASPAR M. CASTILLO, ESQ.
  Counsel for Claimant[1]
3 Wembley Court
Suite 103
Albany, NY 12205

GLENN T. SUDDABY, United States District Judge

## MEMORADUM-DECISION and ORDER

      Currently, before the Court, in this *in rem* civil forfeiture action filed by the United States ("Plaintiff") against twenty-two thousand, five hundred fifty five dollars ($22,555.00) in U.S. currency ("Defendant Currency") and Justin Roland-Vandemark as Claimant of Defendant

---

      [1] The Court notes that, although Mr. Castillo has acted as Claimant's attorney in this matter since last December, he has not filed a written notice of appearance with the Clerk pursuant to N.D.N.Y. L. R. 83.2(a). (*See generally* Docket Sheet.) In the interest of judicial efficiency, the Court will proceed in this motion as if an appearance notice had been entered. Counsel is admonished, however, to promptly file a notice of appearance in future cases. In addition, Counsel is respectfully warned that a future failure to comply with the District's Local Rules of Practice may result in sanctions.

Currency ("Claimant"), is Plaintiff's motion to dismiss Claimant's Claim and Answer for failure to participate in the discovery process and for failure to comply with an order compelling discovery pursuant to Fed. R. Civ. P. 37(b). Claimant has not opposed the motion. For the reasons set forth below, Plaintiff's motion is granted, and Claimant's Claim and Answer are dismissed for failure to comply with an order compelling discovery.

I.   **RELEVANT BACKGROUND**

   A.   **Plaintiff's Complaint and Claimant's Answer**

Defendant Currency was seized on or about February 22, 2011, from a GMC Suburban driven by Claimant. (Dkt. No. 1, at ¶¶ 2, 4 [Plf.'s Complaint].) Plaintiff brought this action to forfeit and condemn the Defendant Currency to the use and benefit of the United States pursuant to 21 U.S.C. § 881. (*Id*., at ¶¶ 1, 8.) In support of its Complaint, Plaintiff alleges that Defendant Currency was the proceeds of illegal drug sales made by Claimant. (*Id*.) Subsequently, Claimant filed a Claim and an Answer in this action, asserting that he is the rightful owner of Defendant Currency and that the seizure of Defendant Currency was unlawful. (*See generally* Dkt. Nos. 7-8.) Familiarity with the remaining factual allegations supporting Plaintiff's claim for forfeiture is assumed in this Memorandum-Decision and Order, which is intended primarily for review by the parties.

   B.   **Plaintiff's Motion**

Generally, in support of its motion, Plaintiff argues that Claimant's Claim and Answer should be dismissed under Fed. R. Civ. P. 37(b) because (1) Claimant has willfully refused to participate in the discovery process by failing to respond to Plaintiff's discovery requests, despite Plaintiff's best efforts, and (2) Claimant has willfully failed to comply with the Order of Magistrate Judge David R. Homer compelling a discovery response from Claimant. (*See generally* Dkt. No. 20, Attach. 1 [Plf.'s Memo. of Law].)

2

Alternatively, Plaintiff seeks an Order pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i) directing that the following facts be established for the purposes of this action: (1) that the Defendant Currency was proceeds from marijuana sales by Claimant, and (2) that the Defendant Currency has no lawful source. (Dkt. No. 20, Attach. 1, at 11.) As yet a further form of relief, Plaintiff requests an Order pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii) that would bar Claimant from opposing the two claims described above and from introducing any evidence not provided to Plaintiff in discovery. (*Id*.)

In support of its motion, Plaintiff asserts the following material facts regarding the procedural history in this case. Plaintiff issued interrogatories and a request for production of documents to Claimant on January 9, 2012. (Dkt. No. 20, Attach. 2, at ¶ 7; Attach. 5 [attaching Ex. C to Carroll Decl.].) Claimant was to respond to the interrogatories within 30 days and the request for production of documents within 45 days. (*Id*.) On January 3, 2012, Plaintiff sent a notice of deposition to Claimant for a deposition on February 10, 2012. (Dkt. No. 20, Attach. 2, at ¶ 8; Attach. 6 [attaching Ex. D to Carroll Decl.].) Subsequently, Plaintiff sent three separate reminder letters about the deposition, each requesting confirmation that Claimant would attend and informing Claimant that Plaintiff would interpret a failure to respond to the letters as confirmation that the deposition would proceed as planned. (Dkt. No. 20, Attach. 2, at ¶ 8; Attach. 7-9 [attaching Exs. E, F, & G to Carroll Decl.].) Despite these letters, Claimant's attorney informed Plaintiff, only two days before the scheduled date, that Claimant would not be able to attend the deposition due to a scheduling conflict. (Dkt. No. 20, Attach. 2, at ¶ 8; Attach. 11 [attaching Ex. H to Carroll Decl.].) Plaintiff sent Claimant a letter on February 10, 2012, giving Claimant an unsolicited ten-day extension to answer Plaintiff's interrogatories because Claimant's response was overdue. (Dkt. No. 20, Attach. 2, at ¶ 9; Attach. 11 [attaching Ex. I to

Carroll Decl.].)  The letter also reminded Claimant that the response to Plaintiff's request for production of documents was due on February 27.  (*Id*.)

On February 21, 2012, Magistrate Judge Homer held a settlement conference in this case, at which Claimant failed to appear.  (Dkt. Entry for 2/21/12; Dkt. No. 20, Attach. 2, at ¶ 9.)  At the conference, Plaintiff informed Magistrate Judge Homer that Claimant's discovery responses were overdue and requested a discovery conference.  (*Id*.)  Magistrate Judge Homer scheduled a discovery conference for February 28, 2012.  (Dkt. Entry for 2/21/12.)  At this discovery conference, Plaintiff requested an Order compelling Claimant to comply with its discovery requests, and Claimant did not oppose the request.  (Dkt. No. 19.)  Magistrate Judge Homer issued an Order that compelled Claimant to provide responses to all outstanding interrogatories and requests for production of documents by March 1, 2012.  (*Id*.)  The Order further compelled Claimant to provide Plaintiff, on or before March 9, 2012, with written notice of three dates when he would be available for deposition.  (*Id*.)  Claimant's attorney was in the United States Attorney's office on March 7, 2012, and was reminded that Claimant's notice of deposition dates was due on March 9.  (Dkt. No. 20, Attach. 2, at ¶ 8; Attach. 11 [attaching Ex. H to Carroll Decl.].)  However, as of the date of the filing of this motion, Claimant had not responded to either part of Magistrate Judge Homer's order, nor has Claimant provided any explanation for the delays in responding to Plaintiff's discovery requests.  (Dkt. No. 20, Attach. 2, at ¶ 11.)

Finally, as noted above, Claimant did not respond in opposition to this motion.  (*See generally* Docket Sheet.)

## II. RELEVANT LEGAL STANDARD

Rule 37(b) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If a party or a party's officer, director, or managing agent–or a witness designated under Rule 30(b)(6) or 31(a)(4)–fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:
> (i) directing that matters embraced in the order or other designated facts be taken as established for the purposes of this action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or offenses, or from introducing designated matters into evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment in whole or in part; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  Although Fed. R. Civ. P. 37(b) limits sanctions to parties, courts have consistently held that an *in rem* claimant is a party to an action.  *See, e.g., Burns Bros. v. the Central R.R. of New Jersey*, 202 F.2d 910, 913 (2d Cir. 1953) (Hand, J.) (concluding that the parties to an *in personam* suit were the same as the parties to a successive suit *in rem*); *U.S. v. $160,066.98 from Bank of Am.*, 202 F.R.D. 624, 626-27 (C.D. Cal. 2001); *U.S. v. U.S. Currency in Amount of $600,341.00*, 240 F.R.D. 59, 62 n. 6 (E.D.N.Y. 2007).  Dismissal for noncompliance with discovery orders is a severe sanction; however, "the requisite element of willfulness or conscious disregard for the discovery process justifies the sanction of dismissal." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (internal quotation marks and ellipsis omitted).

5

The Second Circuit has identified four factors that it considers when reviewing a district court's order to dismiss an action for failure to comply with a court order compelling discovery under Fed. R. Civ. P. 37(b): (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009).

### III.     ANALYSIS

Because Claimant has failed to oppose Plaintiff's motion, Plaintiff's burden with regard to that motion is lightened such that, in order to succeed on it, Plaintiff need only show its entitlement to the relief requested in the motion, which has appropriately been characterized as a "modest" burden. *Dottolo v. Byrne Dairy, Inc.*, 08-CV-0390, 2010 WL 2560551, at *7, n.13 (N.D.N.Y. June 22, 2010) (collecting authorities). The Court finds that Plaintiff has met that modest burden for the reasons stated in its memorandum of law. (Dkt. No. 20, Attach. 1.) The Court would add only that it would grant Plaintiff's motion even if it were to subject that motion to the more rigorous scrutiny appropriate for a contested motion.

More specifically, with regard to the first factor described above in Part II of this Decision and Order, the Court finds that Claimant's failure to respond is willful for several reasons: (1) Claimant has received several reminders about his discovery responsibilities but has repeatedly failed to respond to any of Plaintiff's discovery requests; (2) despite three reminder letters, Claimant did not give notice that he would miss his deposition until only two days before it was scheduled to occur; (3) Claimant missed the settlement hearing on February 21, 2012, without explanation; and (4) while Claimant did not oppose Magistrate Judge Homer's Order, he was aware of it yet did not comply with it. The Court notes that Claimant has never proffered a

6

reason for failing to respond to Plaintiff's requests despite having the opportunities to do so either at the hearing before Magistrate Judge Homer or by filing a response to this motion. For these reasons, the Court finds Claimant's repeated failure to respond to Plaintiff's discovery requests or to explain to the Court why he has not responded is sufficiently willful to weigh in favor of the dismissal of his Claim and Answer.

With regard to the second factor, the Court has carefully considered less-drastic sanctions and has found them to be inadequate under the circumstances. The Court finds that any Order issued by the Court admonishing Claimant for his dilatory conduct would be ineffective, because it was Claimant's failure to comply with a court order caused Plaintiff to file this motion in the first place. Reviewing the other, less-severe remedies available under Fed. R. Civ. P. 37(b)(2)(A), the Court notes that any order pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i) or 37(b)(2)(A)(ii), as Plaintiff requested in the alternative, would have the same practical effect as would a dismissal of Claimant's pleadings because Claimant's Claim and Answer would be unable to survive a motion for summary judgment.[2] Such an order, however, would require Plaintiff to expend additional time and resources to prepare and file a motion for summary judgment, as well as permit the Claimant an unwarranted and futile opportunity to oppose that motion. As Plaintiff notes in its memorandum of law and the Court has confirmed in its own research, there is a long judicial history of dismissing claims for willful failure to respond to

---

[2] The Court notes that it did not consider treating Claimant's failure to respond as contempt of court pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vii) because that would result in the implementation of a *more severe* sanction. The Court also did not consider remedies under Fed. R. Civ. P. 37(b)(2)(A)(iv) or 37(b)(2)(A)(v) because those sanctions are clearly intended for situations in which a plaintiff fails to comply with discovery.

discovery requests in *in rem* forfeiture cases.[3] (*See* Dkt. No. 20, Attach. 1, at 8-9 [Plf.'s Memo. of Law].)  For these reasons, the Court determines that dismissal of Claimant's Claim and Answer pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) is an appropriate sanction in this case.

With regard to the third factor, the Court finds that the duration of Claimant's failure is approximately five months, starting when Claimant failed to respond to Plaintiff's first letter reminding Claimant about the deposition and asking for a confirmation of the scheduled date and time.  In the Northern District of New York, delays of four months or greater are sufficient to weigh in favor of dismissal for failure to prosecute.  *See* N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."). Although there is no equivalent rule for failure to respond to discovery, the Court finds that the two situations are sufficiently analogous to warrant the application of the four-month time period to this case as well.  For these reasons, the Court finds that Claimant's willful failure to comply with discovery has continued for a sufficient duration to weigh in favor of the dismissal of his Claim and Answer.

Finally, with regard to the fourth factor, the Court finds that Claimant clearly received adequate notice that the failure in question would result in dismissal of his action.  As a represented party, Claimant was, and is, fully aware of his obligations under Fed. R. Civ. P.  30, 33, 34, and 37.  Additionally, Claimant was aware of Magistrate Judge Homer's order and the fact that there are consequences for willfully failing to obey a court order.  For these reasons, the Court finds that this factor also weights in favor of the dismissal of Claimant's Claim and Answer.

---

[3] *See also $600,341.00*, 240 F.R.D. at 62-63; *U.S. v.  Proceeds of Drug Trafficking Transferred To Certain Foreign Bank Accounts*, 252 F.R.D. 60, 63 (D.D.C. 2008); *U.S. v. $100,000.00 in U.S. Currency*,07-CV-0218, 2008 WL 5076176, at *2 (D.  Neb. Nov. 24, 2008); *U.S. v. $44,700.00 in US Currency*, 08-CV-3462, 2010 WL 360510, at *2 (D.S.C. Jan.  26, 2010).

Weighing all of these factors, the Court concludes that dismissal of Claimant's Claim and Answer is warranted.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to dismiss Claimant's Claim and Answer for failure to comply with an order compelling discovery pursuant to Fed. R. Civ. P. 37(b) (Dkt. No. 20) is **<u>GRANTED</u>**; and it is further

**ORDERED** that the Clerk of the Court shall issue a judgment in favor of the Plaintiff and against the Defendant Currency and close this case; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this decision and order and the judgment upon the Claimant Justin M. Roland-Vandermark via regular mail.

Dated: July 16, 2012
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge

9